# United States Court of Appeals for the Federal Circuit

2008-1005, -1006, -1007, -1008

SKF USA, INC.,

Plaintiff-Cross Appellant,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION,

Defendant-Appellant,

and

UNITED STATES INTERNATIONAL TRADE COMMISSION,

Defendant-Appellant,

and

TIMKEN U.S. CORPORATION,

Defendant-Appellant,

and

UNITED STATES,
Robert C. Bonner, COMMISSIONER, UNITED STATES CUSTOMS AND
BORDER PROTECTION, and Daniel R. Pearson, CHAIRMAN, UNITED
STATES INTERNATIONAL TRADE COMMISSION,

Defendants.

Herbert C. Shelley, Steptoe & Johnson LLP, of Washington, DC, filed a petition for rehearing en banc for plaintiff-cross appellant. With him on the petition were Alice A. Kipel, Shannen W. Coffin, and Susan R. Gihring.

Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the petition for defendant-appellant United States Customs and Border Protection. With him on the response were Michael F. Hertz, Deputy Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the response was Andrew G. Jones, Office of Assistant Chief Counsel, United States Customs and Border Protection, of Indianapolis, Indiana.

Patrick V. Gallagher, Jr., Attorney, Office of the General Counsel, United States International Trade Commission, of Washington, DC, filed a response to the petition for defendant-appellant United States International Trade Commission. With him on the response were James M. Lyons, General Counsel, and Neal J. Reynolds, Assistant General Counsel for Litigation.

Terence P. Stewart, Stewart and Stewart, of Washington, DC, filed a response to the petition for defendant-appellant Timken U.S. Corporation. With him on the response were Amy S. Dwyer and Patrick J. McDonough. Of counsel on the response was Professor Douglas W. Kmiec, Pepperdine University School of Law, of Malibu, California.

Michael T. Shor, Arnold & Porter LLP, of Washington, DC, for amicus curiae Giorgio Foods, Inc.

William E. Brown, of Knoxville, Tennessee, for amicus curiae PS Chez Sidney LLC.

John M. Gurley, Arent Fox LLP, of Washington, DC, for amicus curiae Koyo Corporation of U.S.A. With him on the brief was Nancy A. Noonan.

Matthew P. Jaffe, Crowell & Moring LLP, of Washington, DC, for amicus curiae NSK Corporation. With him on the brief were Robert A. Lipstein, Jennifer N. Waters and R. Elizabeth Abraham.

Joseph W. Dorn, King & Spalding LLP, of Washington, DC, for amici curiae American Furniture Manufacturers Committee for Legal Trade and Micron Technology, Inc. With him on the brief were Gilbert B. Kaplan and Jeffrey M. Telep. Of counsel on the brief was Richard H. Fallon, of Cambridge, Massachusetts.

Appealed from: United States Court of International Trade

Senior Judge Nicholas Tsoucalas

# United States Court of Appeals for the Federal Circuit

2008-1005, -1006, -1007, -1008

SKF USA, INC.,

Plaintiff-Cross Appellant,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION,

Defendant-Appellant,

and

UNITED STATES INTERNATIONAL TRADE COMMISSION,

Defendant-Appellant,

and

TIMKEN U.S. CORPORATION,

Defendant-Appellant,

and

UNITED STATES,
Robert C. Bonner, COMMISSIONER, UNITED STATES CUSTOMS
AND BORDER PROTECTION, and Daniel R. Pearson, CHAIRMAN,
UNITED STATES INTERNATIONAL TRADE COMMISSION,

Defendants.

Appeals from the United States Court of International Trade in case no. 05-00542, Senior Judge Nicholas Tsoucalas.

ON PETITION FOR REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, LOURIE, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, <u>Circuit Judges</u>, and STEARNS, <u>District Judge</u>.[*]

---

[*]    Honorable Richard G. Stearns, District Judge, United States District Court for the District of Massachusetts, sitting by designation, was on the original panel, and participated only in the decision of the petition for panel rehearing.

PER CURIAM.

LINN, <u>Circuit Judge</u>, with whom NEWMAN, RADER and MOORE, <u>Circuit Judges</u>, join, dissents from the denial of the petition for rehearing en banc.

<u>O R D E R</u>

A petition for rehearing en banc was filed by the Cross Appellant, and a response thereto was invited by the court and filed by the Appellants. The court granted the motions of Giorgio Foods, Inc. and PS Chez Sidney LLC, Koyo Corporation of U.S.A., NSK Corporation, and American Furniture Manufacturers Committee for Legal Trade and Micron Technology, Inc. for leave to file briefs as amici curiae. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc, responses, and the amici curiae briefs were referred to the circuit judges who are in regular active service. A poll whether to rehear the appeal en banc was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)     The petition for panel rehearing is denied.

(2)     The petition for rehearing en banc is denied.

(3)     The mandate of the court will issue on October 6, 2009.


                                        FOR THE COURT


<u>September 29, 2009</u>                          <u> /s/ Jan Horbaly          </u>
        Date                                Jan Horbaly
                                        Clerk


cc:    Herbert C. Shelley, Esq
       Franklin E. White, Esq.
       Patrick V. Gallagher, Jr., Esq.


2008-1005, -1006, -1007, -1008          2

Terence P. Stewart, Esq.
Michael T. Shor, Esq.
William E. Brown, Esq.
John M. Gurley, Esq.
Matthew P. Jaffe, Esq.
Joseph W. Dorn, Esq.

# United States Court of Appeals for the Federal Circuit

2008-1005, -1006, -1007, -1008

SKF USA, INC.,

Plaintiff-Cross Appellant,

v.

UNITED STATES CUSTOMS AND BORDER PROTECTION,

Defendant-Appellant,

and

UNITED STATES INTERNATIONAL TRADE COMMISSION,

Defendant-Appellant,

and

TIMKEN U.S. CORPORATION,

Defendant-Appellant,

and

UNITED STATES,
Robert C. Bonner, COMMISSIONER, UNITED STATES CUSTOMS AND BORDER
PROTECTION, and Daniel R. Pearson, CHAIRMAN, UNITED STATES
INTERNATIONAL TRADE COMMISSION,

Defendants.

Appeals from the United States Court of International Trade in case no. 05-00542, Senior Judge Nicholas Tsoucalas.

LINN, Circuit Judge, with whom NEWMAN, RADER, and MOORE, Circuit Judges, join, dissenting from the denial of the petition for rehearing en banc.

Because the Byrd Amendment's "petition support" requirement regulates political

speech in violation of the First Amendment, and because the panel's decision relies on

a novel, and in my opinion flawed, analytic framework in sustaining that requirement, I respectfully dissent from the court's decision not to rehear this case en banc.

The so-called "petition support requirement" of the Byrd Amendment requires that a company publicly express "support of the petition" to be eligible to receive any funds collected as a result of the order. 19 U.S.C. § 1675c(b)(1)(A) (2000) (repealed 2006). Under the petition support requirement, if a domestic company publicly expresses the viewpoint that the government should impose a tariff on an importer, then the domestic company is eligible to receive some part of that tariff. If the domestic company either expresses the viewpoint that a tariff should not be imposed or takes no public position, it is not eligible. The statute thus restricts political speech and petitioning activity and implicates the First Amendment.

The majority opinion invokes the doctrine of constitutional avoidance to "construe" the "purpose" of the challenged statute to avoid applying strict scrutiny review to this statute under the First Amendment. But the avoidance doctrine "is a tool for choosing between competing plausible interpretations of a statutory text," Clark v. Martinez, 543 U.S. 371, 381 (2005), not inventing a hypothetical purpose for a statute, cf. Fisherman's Harvest, Inc. v. PBS & J, 490 F.3d 1371, 1377 (Fed. Cir. 2007) (discussing "canon of constitutional avoidance in statutory interpretation"). Because there is no statutory construction dispute here, the doctrine is inapplicable.[*]

_____

[*] The government contends in its petition brief that the panel majority's opinion construed the text of the Byrd Amendment to limit payments to supporters who expended resources in "actively supporting" the petition. Def.-Appellant United States Customs and Border Protection Resp. to Pet. for Reh'g En Banc 2. But this is not what the opinion actually says. The majority based its analysis almost entirely on the construction of the purpose of the Byrd Amendment, then—in dicta—stated that "if we were to view this case as involving the construction of statutory language rather than an

The majority finds that the purpose of the statute was "to reward injured parties who assisted government enforcement of the antidumping laws by initiating or supporting antidumping proceedings." SKF USA, Inc. v. U.S. Customs & Border Prot., 556 F.3d 1337, 1352 (Fed. Cir. 2009). There are two fundamental problems with this "reward for assistance" rationale (apart from the fact that the government did not assert it in its original briefs and disclaimed it at oral argument). First, the "reward for assistance" rationale assumes that the government has a strong interest in imposing an antidumping duty order. That is, it assumes that the government's interest is in an investigation that results in a finding of dumping and a finding that a duty order must be imposed. But, as the government acknowledges, the government's interest is in a _fair_ antidumping investigation, not in an antidumping investigation that necessarily results in

---

exercise in ascertaining statutory purpose, the result would be the same." SKF USA, Inc. v. U.S. Customs & Border Prot., 556 F.3d 1337, 1353 (Fed. Cir. 2009) (emphasis added). The only reference to a construction of the statute is in footnote 26, which does not actually limit the statute. It says:

> [W]e construe the Byrd Amendment's language providing for payments to a "petitioner or interested party in support of the petition" to only permit distributions to those who actively supported the petition (i.e., a party that did no more than submit a bare statement that it was a supporter without answering questionnaires or otherwise actively participating would not receive distributions).

Id. at 1354 n.26. While "actively supported" seems, facially, to limit the petition support requirement, the parenthetical makes clear that this is not a limitation at all. It only excludes "a party that did no more than submit a bare statement that it was a supporter without answering questionnaires." Id. In fact, all members of the domestic industry, whether they support or oppose the petition, are required to complete questionnaires. See 19 U.S.C. § 1333(a); see also U.S. Int'l Trade Comm'n, Generic U.S. Producer Questionnaire, at 1, available at http://www.usitc.gov/trade_remedy/documents/USProducerQuestionnaire.pdf.

a duty order. Def.-Appellant United States Customs and Border Protection Resp. to Pet. for Reh'g En Banc 11. The majority assumes that only those parties that provide information and argument in support of a duty order are assisting the government, but in fact, all participants in an investigation—whether they support or oppose the entry of a duty order—are assisting the government in reaching the right result.

Second, the "reward for assistance" purpose ignores the fact that all members of the affected domestic industry are required to submit questionnaire responses, and the International Trade Commission can issue subpoenas to obtain any information that it needs. See 19 U.S.C. § 1333(a), (f) (2006) (authorizing International Trade Commission to request information, issue subpoenas, and demand statements under oath); see also U.S. Int'l Trade Comm'n, Generic U.S. Producer Questionnaire, at 1, available at http://www.usitc.gov/trade_remedy/731_ad_701_cvd/investigations/ question/USProducerQuestionnaire.pdf ("This report is mandatory and failure to reply as directed can result in a subpoena or other order to compel the submission of records or information in your possession . . . ."). There is no need to provide a reward for assistance that those in the affected domestic industry must provide.

The majority held that "[r]ewarding parties under the circumstances here" was "similar to commercially contracting with them" and then concluded that the commercial speech test "seem[ed] appropriate." SKF, 556 F3d. 1355. The most significant problem with this analysis is that it creates a whole new category of speech—speech in circumstances that are "similar to" commercial speech—and it subjects that speech to much less rigorous scrutiny under the First Amendment than it would otherwise receive.

The negative consequences of this new exception should not be understated. Under the Supreme Court's traditional analysis, the First Amendment has required strict scrutiny of content-based restrictions on political speech in a public forum. See, e.g., Boos v. Barry, 485 U.S. 312, 322 (1988) (holding that content-based restrictions on political speech in public forum must be "necessary to serve a compelling state interest and . . . narrowly drawn to achieve that end" (quoting Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983))); cf. Lac Vieux Desert Band of Lake Superior Chippewa Indians v. Mich. Gaming Control Bd., 172 F.3d 397, 409-10 (6th Cir. 1999) (holding that ordinance that "grants benefits and imposes burdens according to whether an individual or entity sufficiently supported a particular political issue" was subject to strict scrutiny). What the SKF opinion does is to use the purpose it created to establish a new and ambiguous exception: speech in circumstances that are sufficiently similar to commercial speech (but are not actually commercial speech), such that the commercial speech test "seems appropriate." SKF, 556 F.3d at 1354. Opening up this kind of exception should not be done lightly, nor should it be done without clearly defining when the exception is applicable.

In my opinion, the petition support requirement is an unconstitutional viewpoint-discriminatory restriction on political speech and petitioning activity that cannot survive strict scrutiny. Although the Byrd Amendment was repealed in 2006, "[t]he impact of the panel's decision is far reaching. Forty-one cases pertaining to the [Byrd Amendment] are currently stayed before the CIT. As of October 1, 2008, more than $1 billion remained in Customs Clearing Accounts awaiting future distribution." Pl.-Cross Appellant Pet. for Reh'g En Banc 4-5 (citation omitted). This case is simply too

2008-1005, -1006, -1007, -1008          5

important to allow the majority's incorrect First Amendment analysis to stand. For these reasons, I respectfully dissent from the court's denial of the petition to rehear this case en banc.